# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DION WADE,

    Petitioner,                                         Civil Action No. 18-CV-13989

                                                     HONORABLE MARK A. GOLDSMITH
v.                                                 UNITED STATES DISTRICT JUDGE

THOMAS WINN,

    Respondent,

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Dion Wade ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner does not specify the convictions that he challenges, but a review of Michigan court opinions indicates that Petitioner was convicted in the Washtenaw County Circuit Court of carjacking, Mich. Comp. Laws § 750.529a; unarmed robbery, Mich. Comp. Laws § 750.530; and being a fourth habitual offender, Mich. Comp. Laws § 769.12. See People v. Wade, No. 324365, 2016 WL 717089 (Mich. Ct. App. Feb. 23, 2016). Petitioner also moves to hold the petition in abeyance in order to permit him to return to the state courts to exhaust claims that have not yet been presented to the state courts.

For the reasons that follow, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit Petitioner to return to the state courts to exhaust the claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Washtenaw County Circuit Court. Petitioner's conviction was affirmed on appeal. People v. Wade, No. 324365, 2016 WL 717089 (Mich. Ct. App. Feb. 23, 2016); lv. den. 885 N.W. 2d 264 (Mich. 2016).

Petitioner seeks habeas relief on six grounds. It appears from a review of the Michigan Court of Appeals' opinion that Petitioner only raised his first two claims on his appeal of right.

## II. DISCUSSION

The instant petition is subject to dismissal because Petitioner failed to exhaust several of his claims with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). See Picard v. Connor, 404 U. S. 270, 275-278 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. See Wagner v. Smith, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. Id. Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. See Pliler v. Ford, 542 U.S. 225, 230 (2004) (citing Rose v. Lundy, 455 U.S. 509 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. See Sitto v. Bock, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The instant petition is subject to dismissal because it contains unexhausted claims.

The Court is concerned that the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as Petitioner appears to have done, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines v. Weber, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines, 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." Wagner, 581 F.3d at 419. Further, Petitioner asserts that he did not raise these claims in the state courts due to the ineffective assistance of appellate counsel. Id. at 419 nn. 4 and 5. Petitioner also has good cause for failing to raise his ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. See Guilmette v. Howes, 624 F. 3d 286, 291 (6th Cir. 2010). Finally, it does not appear that Petitioner has engaged in intentionally dilatory tactics.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in

state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. See id. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. Id. "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F. 3d at 781 (internal quotation omitted).

### III. ORDER

IT IS ORDERED that Petitioner may file a motion for relief from judgment with the state trial court within sixty (60) days of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice. If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending Petitioner's exhaustion of the claim or claims.

Petitioner shall refile his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. Sitto v. Bock, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Mark A. Goldsmith  
**HON. MARK. A. GOLDSMITH**  
**UNITED STATES DISTRICT JUDGE**

**DATED: February 25, 2019**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 26, 2019.

s/Kristen MacKay for Karri Sandusky  
Case Manager